IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15cv168-WKW-WC |
| ) | |
| JAMES TALLEY, ) | |
| ) | |
| Defendant. ) | |

# RECOMMENDATION OF
# THE MAGISTRATE JUDGE

Before the court is Sadaka Davis's Complaint (Doc. 1). On March 24, 2015, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." Order (Doc. 5).

Davis requested leave to proceed *in forma pauperis*, Mot. (Doc. 2), which obligates the court to undertake review of Davis's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Upon review of the Complaint, the undersigned Magistrate Judge finds that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because it is frivolous and fails to state a claim on which relief may be granted.

## I.     BACKGROUND

On March 16, 2015, Davis filed a Complaint that alleges, in its totality, as follows:

> I gave the Defendant a Security Deposit of $1,250.50 and 1st and last month rent up front $1350.50 in cash 10/3/13.  James Talley made promises on repairs that he didn't honour after the signed deal (contract).  After an incident from kitchen fire, Talley promised to restore kitchen along the previous repairs that was promised upfront.  The kitchen was not put back properly.  A.C. unit failed and was not repaired, busted pipes, crack windows, pest problems, along with others wasn't repaired during the contract, no license to do business or insurance (Bonds).  Defendant violated U.S. Constitutional Rights doing bussiness unlawfully in the State of Alabama.

Compl. (Doc. 1) at 1.  Additionally, Davis seeks the following relief:

> Defendant release security deposit $1350.50 demand by state and federal laws.  Ownership of the residence of 103 Martin Luther King St. Clanton, AL 35045.
> Compensatory damages, mental, pain, and suffering from total loss of investment with unlawfully real estate company (firm)
> Security Deposit 1350.50 and ownership of residence in this case (Total Damages) pain & suffering

*Id.* at 2.  On April 27, 2015, the court entered an Order (Doc. 6) granting Davis leave to proceed *in forma pauperis* and staying service of process pending review under 28 U.S.C. § 1915(e).

In a separate action filed by Davis simultaneous to this action, Davis sued Judge Ben A. Fuller of the Circuit Court of Chilton County, Alabama.  *See* Compl. (Doc. 1), *Davis v. Fuller*, Civ. Case No. 2:15-cv-169-MHT-SRW (filed March 16, 2015).  Judge

Fuller was the presiding judge in a state court eviction action between Davis and the defendant, James Talley.  Rec. (Doc. 10) at 1-2, *Davis v. Fuller*, Civ. Case No. 2:15-cv-169-MHT-SRW (filed March 20, 2015).  Talley sought to have Davis evicted from the property that is the subject of this action.  *Id.*  The court obtained a copy of the judgment issued in the state eviction action which reflects that, after receiving evidence and testimony, Judge Fuller entered judgment against Davis and in favor of Talley on February 19, 2014, finding (1) that Talley was "entitled to be restored to peaceful possession of his property located at, to wit; 103 Martin Luther King Street, Clanton, Alabama," and (2) that Davis must pay Talley "$6,750.00 for past due and unpaid rent on the subject property and $742.63 for unpaid utility bills."  Evidentiary Submission (Doc. 7), *Davis v. Fuller*, Civ. Case No. 2:15-cv-169-MHT-SRW (filed March 20, 2015).  The state court case action summary reveals that Davis did not appeal the judgment.  Evidentiary Submission (Doc. 8), *Davis v. Fuller*, Civ. Case No. 2:15-cv-169-MHT-SRW (filed March 20, 2015).  The time for filing an appeal from the Circuit Court's final judgment expired six weeks after Judge Fuller entered judgment.  Ala. R. App. P. 4(a)(1).  Since no such appeal was filed, the state court judgment became final nearly a year before Davis commenced the present action.

## II.    DISCUSSION

Davis's claims are due to be dismissed as frivolous and for failure to state a claim upon which relief can be granted.  The court first notes that Davis has failed to establish a jurisdictional basis for his claims and it appears that the court lacks such jurisdiction.

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject

matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  Thus, a federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Davis has not established jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).   "Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000." 28 U.S.C. § 1332(a).  Davis did not plead the citizenship of himself or Talley, and Davis did not plead an amount in controversy exceeding $75,000.

Additionally, to the extent Davis seeks to establish federal question jurisdiction by asserting claims pursuant to 42 U.S.C. § 1983 for a violation of rights guaranteed by the Constitution of the United States of America, Davis still fails to state a claim upon which relief can be granted.

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948)).

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Here, Davis named only a private, non-state actor as a defendant and did not allege that Talley was acting under

color of state law.  Thus, even if Davis was attempting to bring this action under § 1983, he has failed to state a claim upon which relief can be granted.

Moreover, the court lacks jurisdiction over this matter based on the *Rooker-Feldman* doctrine.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court, as this case is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil*, 544 U.S. at 284); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

Davis and Talley were parties to a state court eviction action in which the state court issued a judgment in Talley's favor.  Davis's argument is not that he did not have the opportunity to challenge the eviction brought against him by Talley; rather, Davis disagrees with Judge Fuller's determination that Talley was entitled to possession of the property in question as well as the unpaid rent and utilities.  With this argument, Davis is "[a] state-court loser[] complaining of injuries caused by state-court judgments rendered

5

before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464. This is precisely the situation *Rooker-Feldman* bars.

Lastly, the court notes that, while a reviewing court is required to consider *pro se* complaints more liberally than those prepared by an attorney, *pro se* plaintiffs are required to follow the same procedural and pleading rules as other litigants. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). Given Davis's inability to establish a jurisdictional basis or state any viable claim for relief, the court finds that allowing Davis to amend the complaint would be futile and, thus, is not warranted in this instance.

### III.   CONCLUSION

Accordingly, for the reasons stated above, it is

the RECOMMENDATION of the Magistrate Judge that Plaintiff's case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the Complaint is frivolous on its face and fails to state a claim on which relief may be granted.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 17, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the

District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of August, 2015.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE