IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:15-CV-168-WKW |
| | )         (WO) |
| JAMES TALLEY, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

On August 3, 2015, the Magistrate Judge filed a Recommendation. (Doc. # 7.) On August 17, 2015, Plaintiff Sadaka Davis filed objections. (Doc. # 8.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

The Magistrate Judge recommended that this case be dismissed because subject-matter jurisdiction is lacking. "When a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221 (11th Cir. 2008). On its face, the complaint does not contain a cause of action based on federal law. Davis seeks to hold a private party, his former landlord, liable in a dispute over rent and repairs to Davis's former residence. In his objections to the Magistrate Judge's Report, Davis does not

supply any grounds for this court's subject-matter jurisdiction. Rather, Davis emphasizes that he seeks relief based on an Alabama rental contract involving Alabama real estate and Alabama statutes pertaining to landlord and tenant responsibilities. (Doc. # 8.) Neither Alabama contract law nor Alabama landlord-tenant law provides a basis for this court's subject-matter jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The complaint does contain a conclusory assertion that the landlord violated Davis's constitutional rights by "doing business unlawfully in the state of Alabama" by failing to have an Alabama business license. (Doc. 1 at 1.) However, Davis's conclusory invocation of the United States Constitution is not sufficient to plausibly convert an alleged violation of Alabama law into a federal controversy. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008) (holding that the standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[,] . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not

do."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

In cases that do not seek relief pursuant to the laws and Constitution of the United States, 28 U.S.C. § 1332(a) confers jurisdiction on the federal courts in civil actions "between citizens of different states" if the amount in controversy exceeds $75,000. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). As the Magistrate Judge noted, Davis did not plead the citizenship of himself or the Defendant, and he did not plead an amount in controversy exceeding $75,000. In Davis's objections, he did not provide any allegation or argument to support the existence of diversity jurisdiction. (Doc. # 8.)

For these reasons, and for the reasons stated in the Recommendation of the Magistrate Judge, the court concludes that the complaint is due to be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Accordingly, it is ORDERED as follows:

1. Plaintiff Sadaka Davis's objection (Doc. # 8) is OVERRULED.

2. The Recommendation (Doc. # 7) is ADOPTED.

3. Sadaka Davis's complaint is DISMISSED for lack of subject-matter jurisdiction.

DONE this 15th day of September, 2015.

                                            /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE